| | |
|---|---|
| DISTRICT COURT<br>JEFFERSON COUNTY, COLORADO<br><br>Jefferson County Court & Administrative Facility<br>100 Jefferson County Parkway<br>Golden, CO 80401-6002<br><br>Plaintiff:   The Villa Napoli Corporation<br><br>v.<br><br>Defendant:   Ohio Security Insurance Company | DATE FILED: March 1, 2018 9:40 AM<br>FILING ID: AA0B56661BB11<br>CASE NUMBER: 2018CV30353<br><br><br><br><br><br><br><br><br>**COURT USE ONLY** |
| Attorney for Plaintiff:<br>Chad T. Wilson, #50736<br>Chad T. Wilson Law Firm, PLLC<br>1001 Bannock Street, Suite 433<br>Denver, Colorado 80204<br>Phone:  (303) 495-3999<br>Fax:  (281) 940-2137<br>Email:   eservice@cwilsonlaw.com | Case Number:   2018CV<br><br><br><br><br>Division                    Courtroom |
| **Complaint and Jury Demand** ||

     COMES NOW PLAINTIFF, The Villa Napoli Corporation, by and through its attorneys, Chad T. Wilson Law Firm, PLLC, and Complains against the above named Defendant as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, The Villa Napoli Corporation, is a corporation organized under the laws of Colorado, and authorized to do business in Colorado.

2. Upon information and belief, Defendant, Ohio Security Insurance Company, is a corporation organized under the laws of Wisconsin, and authorized to do business in Colorado.

3. This Court has jurisdiction over the subject matter of this action and the parties hereto.

4. Venue is proper in Jefferson County, pursuant to C.R.C.P 98.

Exhibit B

## GENERAL ALLEGATIONS

5. Ohio Security Insurance Company (hereinafter "Ohio Security" or "Defendant") issued Policy Number BKS (17) 55 42 09 90 (hereinafter the "Policy") to The Villa Napoli Corporation (hereinafter "Villa Napoli" or "Plaintiff") insuring property located at 186 White Ash Drive, Golden, Colorado 80403 (hereinafter the "Property") at all times relevant herein.

6. Villa Napoli was the direct beneficiary of a valid policy of insurance purchased from Ohio Security which provided coverage for hail, wind, and storm damage sustained by the Property as a result of a storm that occurred on or about May 8, 2017.

7. In order to repair the damaged property, Villa Napoli filed a claim with Ohio Security shortly after sustaining the property damage. Ohio Security acknowledged the claim and assigned it number 23313143.

8. Despite Ohio Security's intentionally low damage estimate, the storm caused severe damage to the roof and interior. The storm also compromised the integrity of the roof causing water to enter the Property, which damaged the kitchen, dining room, and bathroom. Damage to the Property is currently estimated at $126,145.21.

9. Although Villa Napoli provided to Ohio Security the necessary documentation evidencing its losses and establishing Ohio Security's obligation to pay for those losses, Ohio Security has refused to pay Villa Napoli the full benefits due under its Policy.

10. These actions by Ohio Security were taken in bad faith, with the intent of delaying payment and reducing the covered benefit that Ohio Security would have to pay on the damage claims submitted by Villa Napoli.

11. Ohio Security's actions constitute a breach of the express duties set forth in the Policy as well as the implied contractual duties of good faith and fair dealing that Ohio Security owes to Villa Napoli.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

12. Paragraphs 1 through 11 are incorporated by reference as if fully set forth herein.

13. The Policy issued by Ohio Security contained an express or implied covenant of good faith and fair dealing.

14. Villa Napoli paid premiums and otherwise performed all conditions precedent to recovery of benefits under the contract.

15. Ohio Security breached the express and implied terms of the insurance contract by failing to pay the full amount due under the contract and by failing to act reasonably and in good faith in investigating and resolving the Villa Napoli's claims.

16. As a direct, immediate and proximate result of Ohio Security's breaches of contract, Villa Napoli has suffered injuries, damages, and losses, in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

17. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

18. Ohio Security entered into an insurance contract with Villa Napoli and issued a policy that provided coverage for property damage.

19. Villa Napoli paid premiums and otherwise performed its obligations under its insurance contract with Ohio Security.

20. As an insurer, Ohio Security owed certain general duties to its insured, including the duty of good faith and fair dealing, the duty to timely and fully investigate insurance claims, the duty to communicate with the insured, and the duty to attempt to reasonably settle the claims.

21. Ohio Security breached these duties to Villa Napoli by delaying or denying payment of covered benefits without a reasonable basis.

22. Ohio Security acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

    a. Failing to properly investigate and evaluate Plaintiff's claims for Policy Benefits;
    b. Failing to pay Plaintiff the full benefits owed under the Policy;
    c. Failing to pay amounts under the Policy in a timely manner;
    d. Failing to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims;
    e. Failure to give equal consideration to Plaintiff's rights and interests as it has given its own interests;
    f. Depriving Plaintiff of the benefits and protections of the contract of insurance;
    g. Compelling Plaintiff to institute litigation in order to recover amounts due under the Policy; and
    h. Other conduct to be revealed through discovery.

## THIRD CLAIM FOR RELIEF
### (Statutory Bad Faith Pursuant to C.R.S. §§ 10-3-1113(3), 1115, 1116)

23. Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

24. Plaintiff was and is a first-party claimant who was owed benefits directly or on behalf of an insured under an insurance policy.

25. Ohio Security accordingly had a statutory duty not to unreasonably delay or deny benefits to Plaintiff.

26. Ohio Security delayed or denied payment of covered benefits to Plaintiff without a reasonable basis for that action.

27. As a direct and proximate result of Ohio Security's unreasonable delay and denial, Plaintiff has suffered injuries, damages, and losses in an amount to be proven at trial.

28. Plaintiff is entitled to all remedies allowed by C.R.S. § 10-3-1116, including two times the covered benefit, reasonable attorney fees, and court costs.

WHEREFORE, The Villa Napoli Corporation prays for Judgment in its favor and against Ohio Security Insurance Company for compensatory damages in an amount that will fully compensate it for all of its injuries, damages and losses; statutory damages equal to two times the covered benefit; reasonable attorney fees and costs; interest on such sums as is provided by law; and such other and further relief as this Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 1st day of March, 2018.

Respectfully Submitted,

*/s/ Chad T. Wilson*
Chad T. Wilson #50736
ATTORNEY FOR PLAINTIFF
A printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.